UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KENNETH RICKENBACKER,**

         **Plaintiff,**

 vs.               9:22-CV-0541
                    (MAD/ML)
**B. KELLY,**

         **Defendant.**
_____

APPEARANCES:          OF COUNSEL:

**KENNETH RICKENBACKER**
Franklin Correctional Facility
Post Office Box 10
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
Nicholas W. Dorando, AAG
The Capitol
Albany, New York, 12224
Counsel for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, an incarcerated individual in DOCCS custody proceeding *pro se*, commenced this action alleging excessive force in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983 on May 25, 2021.  Dkt. No. 1.  Plaintiff was housed at Clinton Correctional Facility ("Clinton") from August 3, 2017, until May 3, 2019.  Dkt. No. 32-1 at ¶ 6.  As per DOCCS policy, Clinton had a fully functioning and available inmate grievance program ("IGP") during Plaintiff's incarceration.  *See id.*; *see also* Dkt. No. 38 at 3.  Plaintiff alleges that on April 8, 2019,

after he was "jumped" by a group of prisoners, Defendant "pounced on" and "assaulted" Plaintiff, "twist[ed] [Plaintiff's] wrist," and "used excessive force on his ribs, and right side" which damaged Plaintiff's "right hand, wrist and shoulder." Dkt. No. 1 at 7-8. Plaintiff seeks $1,500,000 in damages. *Id.* at 11.

Currently before the Court is Defendant's motion for summary judgment. *See* Dkt. No. 32. Defendant argues that Plaintiff's complaint should be dismissed for failure to exhaust the administrative remedies available to him while incarcerated at Clinton. Dkt. No. 32-2 at 4. To date, Plaintiff has not filed a response to Defendant's pending motion.

On April 19, 2023, Magistrate Judge Miroslav Lovric issued a Report-Recommendation in which he recommended that Defendant's motion for summary judgment be granted, and Plaintiff's claims be dismissed with prejudice for failure to exhaust his available administrative remedies prior to commencing this action. Dkt. No. 38 at 11. Magistrate Judge Lovric found that "Plaintiff was housed at Clinton for the entire duration of time that he was eligible to file a grievance regarding the alleged incident" but failed to do so. *See id.* at 10. Additionally, Magistrate Judge Lovric noted that Plaintiff failed to raise the affirmative defense of non-exhaustion which, under certain circumstances, permits prisoners to file a claim without exhausting administrative remedies. *See id.* at 9-10.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background in this matter and, to the extent consistent with the record, adopts the factual recitation contained in Magistrate Judge Lovric's April 19, 2023, Report-Recommendation. *See id.* at 2-3.

## III. DISCUSSION

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *see also Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Since Plaintiff has not objected to Magistrate Judge Lovric's Report-Recommendation, the Court reviews for clear error.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *See id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295

(N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Furthermore, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute—even if that non-movant is proceeding *pro se*. *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 2009). In the Northern District of New York, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious motion, the non-movant is deemed to have "consented" to the legal arguments contained in that motion under Local Rule 7.1(a)(3). *See, e.g., Beers v. GMC*, No. 97-CV-482, 1999 WL 325378, *8-9 (N.D.N.Y. May 17, 1999); *Devito v. Smithkline Beecham Corp.*, No. 02-CV-0745, 2004 WL 3691343, *3 (N.D.N.Y. Nov. 29, 2004). While a non-movant's willful failure to respond lightens the movant's burden, it "does not … mean that the motion is granted automatically," as the Court must still assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Allen v. Comprehensive Analytical Grp., Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001).

In the present mater, the Court finds that Magistrate Judge Lovric correctly determined that Defendant's motion for summary judgment should be granted, and Plaintiff's complaint dismissed with prejudice. As Magistrate Judge Lovric noted, Plaintiff failed to exhaust the

administrative remedies available to him and did not raise the affirmative defense of non-exhaustion.  *See* Dkt. No. 38 at 10.  Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635-36 (2016).  This exhaustion requirement "applies to all inmate suits about prison life … [including] excessive force" and prohibits unexhausted claims from being brought to court.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007).

The PLRA requires "proper exhaustion," which means using all steps required by the administrative review process applicable to the institution in which an inmate is confined and doing so properly.  *Jones*, 549 U.S. at 218.  In New York State prisons, DOCCS has a well-established three-step IGP which requires that an inmate (1) file a grievance with the Inmate Grievance Resolution Committee ("IGRC"), (2) appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) appeal an adverse decision by the superintendent to the Central Office Review Committee ("CORC").  *See* 7 N.Y.C.R.R. § 701.5.

In the present matter, there is no record that Plaintiff filed either a grievance with the IGRC or an appeal to CORC regarding the alleged events at issue in this matter.  *See* Dkt. No. 38 at 10-11.  Plaintiff was housed at Clinton for the entire duration of the time he was eligible to file a grievance regarding the alleged incident and Clinton's IGP was both available and fully functional during this period.  *Id.* at 3, 10.  While the PLRA does contain a "textual exception to mandatory exhaustion," which provides that only those administrative remedies that "are available" must first be exhausted, this exception is an affirmative defense which Plaintiff has failed to raise.  *Id.* at 9-10.

Accordingly, Plaintiff's complaint is dismissed with prejudice.

## IV. CONCLUSION

After carefully reviewing the Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 38) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 32) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 30, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge